# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECHT FAMILY PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>GERARD FURLONG, *et al.*,<br><br>Defendants. | Case No. 16-cv-01461-BAS(RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[ECF No. 2]** |

On June 13, 2016, Defendant Gerard Furlong ("Defendant") removed this matter to federal court pursuant to 28 U.S.C. §§ 1441 & 1446 based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.) On the same day, Defendant also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th

Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). Having read and considered Defendant's application, the Court finds that Defendant meets the requirements for IFP status under 28 U.S.C. § 1915. Accordingly, the Court **GRANTS** Defendant's motion to proceed IFP (ECF No. 2).

Although the Court finds Defendant meets the requirements for IFP status, this determination does not mean that Defendant may defend this action in federal court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th

Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendant seeks to remove this action from state court based upon federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

The case removed here is a residential unlawful detainer action. (Complaint – Unlawful Detainer, Notice of Removal Ex. A, ECF No. 1-2.) It contains one cause of action for unlawful detainer brought pursuant to California Code of Civil Procedure Section 1161(2). (*Id.*) Therefore, the action arises exclusively under California state law. Defendant argues in his notice of removal that federal question jurisdiction exists because "Defendant withheld rent due to Plaintiff discriminating against defendant by violating [the] Fair Housing Act and 42 U.S.C. [§] 3604(f)(3)(A)" and other federal housing discrimination statutes. (*See* Notice of Removal ¶¶ 5–7, ECF No. 1.) Yet, because the only possible federal issues in this

case involve a defense invoked by Defendant, federal question jurisdiction is lacking under the well-pleaded complaint rule. *See Rivet*, 522 U.S. at 475; *see also, e.g.*, *Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *4 (C.D. Cal. Nov. 10, 2015) (remanding unlawful detainer action to state court); *McGee v. Seagraves*, No. 06-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *3 (E.D. Cal. July 17, 2006) (same).

Accordingly, Defendant has failed to meet his burden of establishing this Court's jurisdiction under 28 U.S.C. § 1331. Therefore, this Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**In addition, the Court warns Defendant that any further attempt to remove this action without an "objectively reasonable basis for removal" may result in an award of attorneys' fees for Plaintiff.** *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447(c); *see also Wells Fargo Bank Nat. Ass'n v. Vann*, No. 13–cv–01148–YGR, 2013 WL 1856711, at *2 (N.D. Cal. May 2, 2013) (awarding $5,000.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c) following defendant's third attempt to remove unlawful detainer action despite the court's two prior orders remanding the action).

IT IS SO ORDERED.

DATED: June 22, 2016

Hon. Cynthia Bashant
United States District Judge